Pjeter MUSTAFAJ, Petitioner,

v.

Alberto R. GONZALES,[1] Respondent.

Nos. 04–0007, 05–3251.

United States Court of Appeals,
Second Circuit.

May 3, 2006.

Alan Michael Strauss (Stanley H. Wallenstein, on the brief), New York, New York, for Petitioner.

Stephan J. Baczynski, Assistant United States Attorney (Kathleen M. Mehltretter, Acting United States Attorney for the Western District of New York, on the brief), Buffalo, New York, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. CHESTER J. STRAUB, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Pjeter Mustafaj ("Mustafaj"), A12–279–428, appeals from an order by the BIA finding Mustafaj removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii) based on two convictions of "crimes involving moral turpitude" ("CIMT"). We assume the parties' familiarity with the facts, procedural history, and issues on appeal and rehearse only those necessary to this decision.

Mustafaj is a 48–year–old lawful permanent resident who entered this country at age five with his parents, ethnic Albanians fleeing communism. He has never left the country, and English is his only language. On October 9, 2002, the Department of Homeland Security ("DHS") arrested Mustafaj at home, alleging that he was removable based on two prior convictions for misdemeanor CIMTs in 1977 and 1984, respectively: (1) attempted possession of stolen property in violation of New York Penal Law §§ 110 & 165.40; and (2) as-

---

1. United States Attorney General Alberto R. Gonzales is substituted as Respondent. *See* Fed. R.App. P. 43(c)(2).

sault in the third degree in violation of New York Penal Law § 120.00(1) ("section 120.00(1)"). Immigration Judge ("IJ") John B. Reid twice ordered Mustafaj released during the proceedings; the BIA reversed the first bond order and mooted the second order by reversing the IJ's grant of substantive relief. Thus, Mustafaj has been in custody since his arrest.

The IJ found that Mustafaj's 1984 offense, intentional infliction of physical injury in violation of section 120.00(1), was not a CIMT and therefore did not render Mustafaj removable. The IJ ruled in the alternative that Mustafaj was eligible for, and deserved, discretionary cancellation of removal pursuant to 8 U.S.C. § 1229b(a) ("cancellation"). The BIA reversed, holding that Mustafaj's assault conviction was a CIMT and that he was categorically ineligible for cancellation. On appeal, Mustafaj challenges both holdings. The government, while maintaining that a section 120.00(1) offense is a CIMT, concedes that the BIA erred in holding that Mustafaj was ineligible to apply for discretionary cancellation. The government also agrees that the case should be remanded on the cancellation issue.

Given the government's concession, and the distinct possibility that Mustafaj may obtain cancellation pursuant to the IJ's earlier favorable weighing of his equities, we decline at this time to reach the issue of Mustafaj's removability. However, we retain jurisdiction over this issue, in the event it remains after remand. In addition to conceding BIA error, counsel for the government assured this Court that he would press for prompt attention to this case. We trust that he will do so, and remind counsel, as well as the BIA, of the reality of Mustafaj's situation: despite his

having served a criminal sentence of only eight months for a misdemeanor committed in 1981, despite his long record of stable residence and gainful employment, and despite his having initially prevailed before the IJ, Mustafaj has now suffered three-and-a-half years of DHS detention, partly due to conceded BIA error.[2]

For the foregoing reasons the petition for review is **GRANTED** in part. This panel retains jurisdiction to rule, if necessary, upon the issue of Mustafaj's removability. *See Shi Liang Lin v. DOJ*, 416 F.3d 184, 192 (2d Cir.2005) (retaining jurisdiction to decide issues on appeal following remand to the BIA); *cf. United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994) (retaining jurisdiction while remanding to the district court for supplementation of the record). Although the mandate shall issue forthwith, Mustafaj may return the case to this Court by notifying the Clerk of the Court within thirty days of entry of a final BIA order on remand. Such notification will not require the filing of a new notice of appeal. If notification occurs, the matter will be referred automatically to this panel for disposition. The stay of removal previously granted shall continue during the pendency of the removal proceedings and any further proceedings pursuant to this order.

---

2. The parties inform us that the issue of Mustafaj's detention, as opposed to his removal, is currently pending separately on appeal, and is in the briefing stage. This fact does not make it any less important that the BIA act quickly to resolve the merits of Mustafaj's removal proceedings.